Greg Chaney
CHANEY LAW OFFICE
efile@gregchaneylaw.com
I.S.B. 10513
P.O. Box 489
Caldwell, Idaho 83606
Telephone: (208) 314-3850
Facsimile: (208) 549-9612
Attorney for Dennis Montgomery, Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS MONTGOMERY,<br>    Plaintiff,<br><br>vs.<br><br>KIT HOMEBUILDERS WEST, LLC,<br>    Defendant. | Case No. 1:19-CV-00140<br><br>VERIFIED COMPLAINT<br><br>Jury Trial Demanded |

**COMES NOW,** Plaintiff Dennis Montgomery by and through his attorney of record, Greg Chaney, of the law firm Chaney Law Office, PLLC, and for his causes of action against Kit HomeBuilders West, LLC complains and alleges as follows:

### PARTIES

1. At all times material hereto, Plaintiff Dennis Montgomery (hereinafter "Plaintiff") was and is a natural person and a resident of the State of Idaho.

VERIFIED COMPLAINT - PAGE 1 OF 7

2. At all times material hereto, Defendant Kit HomeBuilders West, LLC (hereinafter "Defendant") was and is a limited liability company organized under the laws of the State of Idaho with its principle place of business in Caldwell, Idaho.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in United States District Court because this lawsuit arises, from discrimination in employment practices and is brought, *inter alia*, pursuant to the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§12112-12117.

4. Venue is proper in the District of Idaho in accordance with 42 U.S.C. §2000e-5(f)(3) and 42 U.S.C. §12117 since the discriminatory employment practices occurred in Caldwell, Idaho; the employment records for Plaintiff are presumptively kept in the District; and Defendant's principal place of business is in Idaho.

## GENERAL ALLEGATIONS

5. Plaintiff was employed by Defendant in its Caldwell, Idaho manufactured home plant in 2017.

6. Plaintiff was assigned to the cabinetry department of the plant. The cabinetry department is responsible for assembling and installing cabinets in the manufactured homes Defendant builds.

7. Everyone who works in the cabinetry department, other than supervisors, have the same job title.

8. Some who work in the cabinetry department are asked to help lift heavy objects, others (primarily females) are not.

9. Some members of the cabinetry department work primarily in the assembly of cabinets. The assembly of cabinets does not require heavy lifting.

10. Part of the duties of the members of the cabinetry department included sweeping, clean up, inspecting equipment, and pre-cutting cabinet components. None of these tasks require heavy lifting.

11. Plaintiff was an exemplary employee and did what was expected of him without complaint or issue.

12. Soon after Plaintiff had been employed by Defendant long enough to have medical insurance in effect, Plaintiff sought medical care for a previous back injury.

13. The doctor Plaintiff saw for his back wanted to run additional tests and placed him on a temporary lifting restriction until the tests could conducted. The restriction limited Plaintiff's lifting to forty (40) pounds or less.

14. Plaintiff presented his doctor's note to Defendant's agent.

15. Defendant's agent subsequently told him that Defendant had a policy that nobody could work for Defendant who wasn't "one-hundred percent."

16. Plaintiff asked Defendant for a little time to get his tests done so he could get cleared to work with no restrictions, Defendant declined and terminated Plaintiff's employment.

17. Plaintiff asked Defendant's agent if he'd qualify for unemployment; Defendant's agent advised him they'd oppose unemployment and allege that he quit his job.

(remainder of page intentionally left blank)

## FIRST CAUSE OF ACTION

### FEDERAL LAW CLAIM: EMPLOYMENT DISCRIMINATION ON THE BASIS OF DISABILITY

### AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §§12112-12117

18.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 17, inclusive, as though fully set forth herein.

19.   Defendant terminated Plaintiff's employment due to an actual and/or perceived disability, to wit: Plaintiff's back injury.

20.   Defendant refused to make a reasonable accommodation for Plaintiff's physical limitation.

21.   Defendant could have made a reasonable accommodation for Plaintiff's physical limitation without causing an undue hardship on the operation of the business.

22.   The Equal Employment Opportunity Commission (E.E.O.C.) has an ongoing investigation into this matter and has not yet issued a right to sue letter. This matter is being filed during the pendency of the E.E.O.C. investigation to preserve the state law discrimination claim listed below as the Second Cause of Action the statute of limitations of which would expire prior to the conclusion of the E.E.O.C. investigation. Plaintiff reserves the right to amend his pleadings once this threshold requirement is met.

## SECOND CAUSE OF ACTION

### STATE LAW CLAIM: EMPLOYMENT DISCRIMINATION ON THE BASIS OF DISABILITY

### IDAHO CODE §67-5901 THROUGH 67-5912

23.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. Defendant terminated Plaintiff's employment due to an actual and/or perceived disability, to wit: Plaintiff's back injury.

25. Defendant refused to make a reasonable accommodation for Plaintiff's physical limitation.

26. Defendant could have made a reasonable accommodation for Plaintiff's physical limitation without causing an undue hardship on the operation of the business.

27. Defendant's physical limitation with a reasonable accommodation would not have prevented the performance of the work required of a member of the cabinetry department.

28. The Idaho Commission on Human Rights has conducted its investigation, found probable cause that illegal discrimination occurred, and issued Plaintiff a right-to-sue letter dated January 23, 2019.

### THIRD CAUSE OF ACTION

#### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. Defendant had a legal duty as an employer to adhere to lawful employment practices.

31. Defendant breached its duty to adhere to lawful employment practices.

32. As the direct and proximate result of Defendant's breach, Plaintiff was injured.

33. Plaintiff suffered actual loss and/or damage as a result of his injury.

(remainder of page intentionally left blank)

## ATTORNEYS' FEES AND COSTS

To bring this suit, Plaintiff has retained the services of CHANEY LAW OFFICE, PLLC and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k), Idaho Code §§ 12-120(3) and 12-123, and Rule 54 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. Reimbursement of all actual damages including back pay for wages lost and not mitigated by subsequent employment, front pay for a period of five (5) years, medical expenses, and any and all further damages established at trial;

2. Compensatory damages in the amount of two-hundred thousand dollars ($200,000);

3. For reasonable attorneys' fees and costs in such amounts as the Court may find reasonable if this matter is contested; and

4. For such other and further relief as the Court deems just and proper.

**DATED** this 19th day of April 2019.

CHANEY LAW OFFICE, PLLC

BY: _____
Greg Chaney
*Attorney for Plaintiff*

## VERIFICATION

STATE OF IDAHO        )
                      ) ss.
COUNTY OF CANYON      )

I, Dennis Montgomery, being first duly sworn on oath deposes and states:

That he is the Plaintiff in the above-entitled action, that he has read the foregoing document and knows the contents thereof, and that the statements therein made are true and correct to the best of his information, knowledge, and belief.

Signed:

_____
Dennis Montgomery

SUBSCRIBED AND SWORN to before me this __17th__ day of April 2019.

_____
Notary Public in and for Idaho

My Commission Expires: __11/20/24__